(No. 20361.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE SMITH *et al.* Plaintiffs in Error.

*Opinion filed February 18, 1931.*

K. C. RONALDS, for plaintiffs in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM DENTON, State's Attorney, and S. S. DuHAMEL, for the People.

Mr. JUSTICE HEARD delivered the opinion of the court:

Plaintiffs in error, George Smith and Charles McDaniel, together with Lawrence Kleiner, were indicted by the grand jury of Gallatin county on a charge of burglary and larceny. The indictment describes the place burglarized as "the poultry house of Risser & Rabinowitz, Inc.," and the

property stolen therefrom as the property of "Risser & Rabinowitz, Inc." After overruling a motion to quash the indictment, pleas of not guilty, trial by jury, verdict of guilty and overruling of a motion in arrest of judgment, plaintiffs in error were sentenced to the reformatory. They bring the record here for review on writ of error.

Several errors are alleged, among them being that the court erred in overruling plaintiffs in error's motions to quash the indictment and in arrest of judgment.

As above stated, the ownership of the poultry house burglarized and of the property stolen therefrom was alleged to be in "Risser & Rabinowitz, Inc." In indictments for offenses against persons or property the name of the person injured must be stated in order to enable the defendant to plead either a former acquittal or conviction. The ownership of the property is a necessary averment of the indictment, and such ownership must be alleged in a person, corporation or other entity capable of owning property. *People* v. *Dettmering*, 278 Ill. 580; *People* v. *Krittenbrink*, 269 id. 244; *People* v. *Brander*, 244 id. 26; *Staaden* v. *People*, 82 id. 432; *Wallace* v. *People*, 63 id. 451.

Section 24 of the general Corporation act provides: "The name of a proposed corporation shall indicate that it is a corporation, but the name of a natural person or co-partnership may be assumed when, as a part of the corporate name the word 'corporation,' 'incorporated,' 'limited' or the abbreviations thereof, is added." Paragraph 452 of the Criminal Code (Cahill's Stat. 1929, p. 966,) makes it a criminal offense for any company, association or person, not being incorporated, to put forth any sign or advertisement and therein assume, for the purpose of soliciting business, a corporate name.

The word "Inc." is given in Webster's International Dictionary and has as a definition, "Abbr.—Incorporated." We are of the opinion that the words "Risser & Rabinowitz, Inc." in the indictment are sufficient to show that the own-

ership of the property was in a corporation capable of owning property and was a sufficient allegation of ownership to enable plaintiffs in error to plead either a former acquittal or conviction.

The poultry house in question was burglarized and Lawrence Kleiner was arrested therefor, and later, upon his statements to the officers, plaintiffs in error were arrested. The incriminating evidence against plaintiffs in error consists entirely of the testimony of Kleiner and what is called an admission by one of the plaintiffs in error out of the presence of the other, alleged to have been made to the officers who arrested him, at a time when he denied his guilt. Plaintiffs in error both testified denying their guilt and called three apparently disinterested witnesses who testified to the presence of plaintiffs in error elsewhere at the time of the commission of the burglary and larceny. Kleiner, after his arrest, had worked at times for the man in charge of the poultry house burglarized, and before testifying had been told by him that if he told the whole truth his release on probation would be recommended. He was not tried with plaintiffs in error.

Plaintiffs in error earnestly contend that the evidence in the case is not sufficient to show their guilt beyond a reasonable doubt. As this case must be reversed for the giving of improper instructions we do not deem it proper to pass upon this question.

At the request of the State the court gave to the jury the following instruction:

"The court instructs the jury that under the laws of the State of Illinois a defendant may be convicted upon the uncorroborated testimony of an accomplice; and if the jury believe from the evidence in this case, beyond a reasonable doubt, that the testimony given by the witness Lawrence Kleiner is true, then they can act upon the same as true. The testimony of an accomplice, like all other evidence in the case, is for the jury to pass upon. The jury is further in-

structed that the witness Lawrence Kleiner is an accomplice in this case."

This instruction was erroneous in telling the jury that "Kleiner is an accomplice in this case." "This case" was the trial of plaintiffs in error, and not of some other person, for the burglary and larceny. While Kleiner may have been the accomplice of some person or persons in the commission of the crime, it was a material question of fact for the jury to determine whether or not he was an accomplice "in this case." The use of this language was equivalent to an expression of an opinion by the court on the most vital question in the case. The instruction is also erroneous in not stating the law correctly. The jury are not to pass upon the testimony of an accomplice "like all other evidence in the case," but they are to consider it as subject to grave suspicion and must act upon it with great caution. It should be carefully considered by the jury in the light of all the other evidence in the case and the influence under which the testimony is given and whether the purpose of the witness is to shield himself from punishment or obtain some benefit for himself. It is only when the jury are satisfied from the testimony of an accomplice and from all the circumstances in evidence that the guilt of the defendant is shown beyond a reasonable doubt that they will be warranted in convicting defendant on such testimony. (*People* v. *Rongetti*, 338 Ill. 56; *People* v. *Elmore*, 318 id. 276; *People* v. *Harvey*, 321 id. 361; *People* v. *Johnson*, 314 id. 486; *People* v. *Aiello*, 302 id. 518.) Instruction No. 1 given for the State was upon the same subject and was also subject to this objection.

The judgment of the circuit court is reversed and the cause remanded.                     *Reversed and remanded.*