People of the State of Illinois, Plaintiff-Appellee, v.
Clifford D. Howard, Defendant-Appellant.

Gen. No. 70–43.

Third District.

November 4, 1970.

William T. Phares, of Rock Island, for appellant.

James N. De Wulf, State's Attorney of Rock Island
County, of Rock Island, for appellee.

STOUDER, J.

A jury found defendant, Clifford Howard, guilty of
robbery and a sentence of from two to seven years in the
penitentiary was imposed in the Circuit Court of Rock
Island County. The only question raised on this appeal
is the propriety of giving IPI—Criminal, 3.17 (Accom-

plice Testimony Instruction). A detailed account of the facts and circumstances is unnecessary to consider the error urged. The principal evidence offered by the State was the testimony of a filling station attendant. He described the circumstances under which he had been robbed and identified the defendant Clifford Howard, together with Billy Ray Howard and Thomas Jerry Burch, as the three persons who committed the offense. All three were charged with the offense of robbery, but prior to the trial of defendant Clifford Howard, Billy Ray Howard and Thomas Jerry Burch had confessed the commission of the offense and had been convicted thereof pursuant to their guilty pleas.

On the trial of defendant in this case, Billy Ray Howard and Thomas Jerry Burch were called as witnesses by defendant. Each testified that although the defendant was with them in a car at the scene of the robbery, he was drunk at the time. According to their testimony, the defendant had not joined in the plan for the robbery, had not participated therein, did not know that the robbery was taking place, and did not share in the proceeds of the robbery.

At the request of the State and over objections of defendant, IPI Criminal Instruction 3.17 was given. It provides, "An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case." It is the theory of the State and adopted by the trial court that Billy Ray Howard and Thomas Jerry Burch were accomplices and, therefore, the jury was properly instructed to view their testimony with suspicion. No Illinois authority has been called to our attention dealing with this precise question, the State relying on People v. Touhy, 361 Ill 332, 197 NE 849, and the defendant relying on the general principles regarding accomplice testimony and cases from other jurisdictions.

Initially, it should be observed both parties agree the instruction is properly given when an accomplice testifying in behalf of the State implicates the defendant.

This might be considered the usual case in which accomplice testimony is presented. That this is the situation contemplated by the drafters of the instruction is indicated by their reference to such cases as People v. Johnson, 317 Ill 430, 148 NE 255.

The reasons for viewing the testimony of an accomplice with suspicion and caution is amply discussed in Hoyt v. People, 140 Ill 588, 30 NE 315, and People v. Smith, 342 Ill 600, 174 NE 828, and cases discussed therein. The general basis for the rule is the unique relationship between the prosecution and an accomplice. From the relationship there may be a strong potential motivation for an accomplice to seek, expect or hope for favorable treatment by the prosecution if his testimony favors the position of the State. Contrarywise, a witness who may be a self-confessed accomplice who exonerates rather than implicates the defendant is risking disfavor by the prosecution and the same reasons for discrediting his testimony do not exist.

In jurisdictions which have considered this question it has been deemed erroneous to instruct that the testimony of an accomplice should be discredited when such testimony exonerates a defendant. Joseph v. State, 34 Tex Crim 466, 30 SW 1067; Hazzard v. State, 111 Tex Crim 539, 15 SW2d 638; Burns v. State, 123 Tex Crim 213, 57 SW2d 836; People v. O'Brien, 96 Cal 171, 31 P 45; People v. Melone, 71 Cal App2d 291, 162 P2d 505; People v. Hartung, 101 Cal App2d 292, 225 P2d 614, and State of Missouri v. Reeder (Mo), 395 SW2d 209, and State of New Jersey v. Anderson, 104 NJ Super 18, 248 A2d 438. See also CJS, p 564, § 1227. The general rule appears to be that the accomplice instruction is properly given only in those cases where an accomplice implicates the defendant in the commission of the offense. For example, in Hazzard v. State, supra, the Court held that an instruction ought not to have been given, even though the witness testified on behalf of the State. In People v. Diaz, 19 NY2d 547, 227 NE2d 860, the Court held that the accomplice instruction should have been given when so requested by a defendant where the accomplice, a codefendant, confessed the offense and implicated defendant.

The only case relied upon by the State is People v. Touhy, 361 Ill 332, 197 NE 849, which suggests that the

testimony of an accomplice should be viewed in the same manner, whether offered on behalf of the State or the defendant. We do not believe that the Touhy case is of general application where the testimony of an accomplice exonerates a defendant. The policy underlying the accomplice instruction is not discussed in Touhy and there was accomplice testimony introduced both by the State and the defendant. The accomplice testifying on behalf of defendant had not confessed his guilt and consequently, the reasons for discrediting his testimony were not so apparent. However, the principal limitation of the opinion in Touhy is the Court's initial premise that it would consider only the very narrow objections to the instruction made by the defendant at the time the instruction was tendered. A complete examination of the subject was not considered by the Court.

■ ■ In our view, there is no reason for giving any accomplice instruction where the testimony of the accomplice fails to implicate the defendant. · The inappropriateness of giving such an instruction is further demonstrated by the definition of accomplice included in the pattern instruction quoted above. The instruction defines an accomplice witness as ". . . one who testifies that he was involved in the commission of a crime with the defendant . . . ." The so called accomplices did not so testify, and the effect of the instruction could only have been confusing and prejudicial.

Not only was the giving of the instruction erroneous, but also prejudicial. The judicial comment by way of instruction tended to unfairly discredit the principal evidence favoring defendant. The State's insistence on the giving of the instruction indicates the importance and significance of the accomplice testimony.

For the foregoing reasons, the judgment of the Circuit Court of Rock Island County is reversed and the cause is remanded with directions that defendant be granted a new trial.

Reversed and remanded with directions.

RYAN, P. J. and ALLOY, J., concur.