THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES V. RIGGS, Defendant-Appellant.

Fifth District   No. 76-30

Opinion filed May 6, 1977.

Michael J. Rosborough and A. Michael Kopec, both of State Appellate Defender's Office, of Mt. Vernon, and Harold E. Nelson, research assistant, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Bruce D. Irish and Roger R. Kasny, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

Defendant, James V. Riggs, was charged in the circuit court of Madison County with the offense of burglary. Following a jury trial, defendant was found guilty as charged and was sentenced to two to six years imprisonment from which he now appeals.

On appeal, defendant presents the following issues for review: (1) whether he was proven guilty beyond a reasonable doubt; (2) whether the court erred in charging the jury regarding the credibility of accomplice testimony introduced by the defendant; (3) whether he was denied a fair trial; (4) whether the court imposed an excessive sentence.

Linda Fortner testified that at approximately 1:30 a.m. on August 2, 1975, she and her husband were traveling south on Madison Avenue in Granite City at a speed of about 25 miles per hour. She was sitting on the passenger side of the car. She stated that when they were roughly at the corner of Madison and 22nd Street, she heard the sound of glass breaking and she looked to her left across the interior of the car at a Texaco service station located on the corner. The station was illuminated by a street light and by a light on the back wall in the station. Fortner stated that she observed defendant inside the station bending or stooping down. She described him as having shoulder length, sandy colored hair and wearing an orange and white striped shirt. She also observed another individual, James Wilson, just outside the station. His foot was "up" and "at" the broken window and he was attempting to enter the station. She stated that he was wearing a denim outfit. The Fortners immediately turned their car at the intersection causing their tires to squeal and they drove up to the gas pumps. Both subjects immediately fled in separate directions. Fortner's husband then called the police from a pay phone on the property and soon thereafter the police arrived.

Officer Kaberna testified that when he arrived at the scene he first spoke with the Fortners. With the help of other officers, Officer Kaberna then searched the immediate vicinity and discovered defendant and James Wilson hiding in the foyer of a nearby house. Their appearance matched

the description of the suspects given by the Fortners. When apprehended, defendant was wearing a striped shirt and gold tennis shoes. Officer Kaberna took the two back to the Texaco station in handcuffs. Headlights were placed on the subjects, who were ordered to give front and profile views. Mrs. Fortner identified defendant as the person she had seen inside the station.

Donald Knight, a detective for the Granite City Police Department, testified that a bloodstain was discovered on the glass that remained in the frame of the broken window. Detective Knight found a cut on James Wilson's right arm. Defendant had not been cut. The detective also stated that glass fragments were found on James Wilson's shoes; however, no such fragments were discovered on defendant's shoes. Three of the State's witnesses, Officer Kaberna, Officer Lengyel, and Ralph Strain, the owner of the Texaco station, testified that almost all of the glass from the broken window was found inside the station.

Ralph Strain testified that defendant had no authority to go inside his service station on the morning in question. When Strain arrived at his station at about 7 a.m. on the morning of the incident, he noticed that one of the windows had been broken, that a desk drawer had been opened, and that a cabinet drawer behind his desk was ajar. The only items he reported missing were a set of keys and a small amount of change which had been kept in the opened desk drawer.

On behalf of the defense, James Wilson testified that he had kicked in the Texaco station window, that he alone had entered the building and that he had remained inside the station for 10 to 15 seconds. Wilson stated that defendant had never entered the service station.

Defendant then testified denying that he had entered the service station. He stated that he and Wilson had gone to a telephone booth near the station in order to make a phone call. Shortly after making the call, he saw Wilson kick in the station window and he then panicked and fled. He ran to the nearby house of a friend where Wilson arrived five minutes later.

During the instructions conference the State tendered an accomplice witness instruction which the court gave the jury over defendant's objection. We find the dispositive issue in this appeal to be the question of whether the trial court erred in so instructing the jury. The "accomplice" testimony to which the instruction was directed was the testimony of Wilson. Defendant contends that the instruction could only have confused the jury and served to unfairly discredit his principal defense witness.

The instruction in question (Illinois Pattern Jury Instructions, Criminal, No. 3.17) stated:

> "An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of

an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

■■■ This instruction is properly given when the accomplice testifies on behalf of the State implicating a defendant. (*People v. Howard*, 130 Ill. App. 2d 496, 263 N.E.2d 633.) In such a situation, the purpose of an admonishment of caution is apparent. Due to the relationship of the witness and the State, there may be a strong motivation to testify falsely for the accomplice who seeks, hopes or expects lenient treatment by the State in return for favorable testimony. (*People v. Howard; People v. Smith*, 342 Ill. 600, 174 N.E. 828.) Thus a witness, knowing that his own guilt is detected, may seek to shield himself from punishment by purchasing immunity or leniency by falsely accusing others and procuring their conviction. Even if a promise or expectation of leniency is denied, its existence is always suspected. (Wigmore, Evidence § 2057, at 322 (3d ed. 1940).) Therefore a judicial instruction cautioning the jury that the testimony of an accomplice is subject to suspicion has been felt warranted. (*People v. Johnson*, 317 Ill. 430, 148 N.E. 255.) As stated in the Committee Note to IPI Criminal No. 3.17:

> "The minority of the Committee was of the view that cross-examination afforded sufficient protection to the defendant. However, the majority view—that the testimony of the accomplice warrants judicial comment—prevailed. [Citation.]"

The case at bar, however, stands in an entirely different posture from that described above. Wilson did not testify on behalf of the State nor did his testimony serve to implicate defendant but instead, he testified on behalf of defendant and his testimony served to exonerate defendant. At the time Wilson testified, the State had not yet charged him with the crime. Clearly his testimony could not have gained him any favor with the State nor could he have hoped for or expected any lenient treatment thereby. To the contrary, Wilson's testimony exposed him to the full consequences of his own acknowledgment. Under these circumstances the reasoning behind an admonishment of caution is inapplicable and the inherent basis for suspicion does not exist. As stated by Wigmore:

> "The essential element, however, it must be remembered, is this supposed promise or expectation of conditional clemency. If that is lacking, the whole basis of distrust fails." Wigmore, Evidence § 2057, at 322 (3d ed. 1940).

In *People v. Howard*, 130 Ill. App. 2d 496, 263 N.E.2d 633, the court considered the propriety of giving an accomplice instruction against defense witnesses who had previously pleaded guilty to the crime and whose testimony at trial exonerated the defendant. The court reversed and remanded for a new trial stating that:

"In our view, there is no reason for giving any accomplice instruction where the testimony of the accomplice fails to implicate the defendant." (130 Ill. App. 2d 496, 499, 263 N.E.2d 633, 634.)

The court also held that the effect of the instruction could only have been confusing and it was prejudicial by tending to unfairly discredit the principal evidence favoring the defendant. So too, in *People v. O'Neal*, 44 Ill. App. 3d 133, 358 N.E.2d 47, the court held that the giving of the accomplice instruction was reversible error where the testimony of the witness on the ultimate question of the defendant's guilt or innocence served to exonerate the defendant. The court stated that:

"Defendant is entitled to be presumed innocent until proved guilty (Ill. Rev. Stat. 1973, ch. 38, par. 3—1); the tendering of an accomplice instruction in a case such as this all but destroys that presumption." (44 Ill. App. 3d 133, 136, 358 N.E.2d 47, 49.)

In *People v. Legear*, 29 Ill. App. 3d 884, 331 N.E.2d 659, on the other hand, the testimony of the defense witness served to exonerate the defendant of the charge of burglary but it also served to implicate the defendant as to the charge of theft based on receiving stolen property. The defendant was acquitted of the burglary charge and convicted of the theft charge. On appeal the court stated:

"We agree that as a general rule an 'accomplice' instruction should not be given where it derogates from a defendant's ability to use favorable testimony by a charged accomplice [citation], or where the testimony of an accomplice completely fails to implicate a defendant [citation]." (29 Ill. App. 3d 884, 892, 331 N.E.2d 659, 665.)

However, the court held that under the circumstances of that case the trial court did not abuse its discretion in giving the instruction or at least, since the jury chose to believe the testimony that the defendant did not participate in the burglary, the giving of the instruction was harmless error beyond a reasonable doubt.

■■ In the case at bar, Wilson testified that although defendant was near the scene of the crime, it was Wilson who alone kicked in the window and entered the service station. The trial court, however, instructed the jury that: "An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. * * *" Wilson did not so testify and thus the effect of the instruction could only have confused the jury. Moreover, by instructing the jury that Wilson's testimony is subject to suspicion and should be considered with caution, the court unfairly discredited defendant's principal witness. Viewed as a whole, the instruction clearly all but destroyed the presumption of defendant's innocence.

After review of the record and having determined that the evidence was sufficient to support a jury verdict of guilt beyond a reasonable doubt, we need not consider the other contentions raised by defendant. Because of the impropriety of the giving of the accomplice instruction, we reverse defendant's conviction and remand this cause for a new trial.

Reversed and remanded for a new trial.

CARTER, P. J., and KARNS, J., concur.