THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD D. BROWN, Defendant-Appellant.

Fifth District    No. 76-437

Opinion filed November 29, 1977.

JONES, J., specially concurring.

Ralph Ruebner and Mark Schuster, both of State Appellate Defender's Office, of Elgin, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Martin N. Ashley, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Following a jury trial in the circuit court of Montgomery County, defendant Richard Brown was convicted of burglary, sentenced to a term of one to five years imprisonment, and fined $500. He contends only in this appeal that the trial court erred in giving IPI Criminal 3.17 (accomplice testimony instruction) at the request of the State.

On January 22, 1976, the home of James Muir of Nokomis, Illinois, was burglarized and various items, including a number of coins, were taken from the premises. Herschel Michael, who was called as a State's witness, testified that on January 22, 1976, he, Dale Stolte and the defendant

were walking near James Muir's home in Nokomis at approximately 6:30 p.m. As they approached the home, Stolte suddenly ran into the front door, breaking the lock and door facing. Michael then joined Stolte inside the house, and while the two of them ransacked the premises, defendant stood in the doorway trying to fix the broken lock and door. During the 10 to 15 minutes that Stolte and Michael were in the house, Stolte indicated his desire to steal a stereo. An argument ensued, and defendant persuaded Stolte to leave the stereo in the house. Michael testified that during the entire time the two were ransacking the house, defendant never touched anything except the door, nor did he actually see the house being ransacked or items being taken. Defendant never ventured past the broken front door except on exiting, when he and Michael went out through a side door. Michael further testified that defendant wore socks on his hands as he attempted to fix the door.

On cross-examination by defense counsel, Michael expressly denied a pre-existing plan to enter and burglarize the premises. He emphasized that the activity took place after Stolte suddenly "ran through the front door." Defense counsel also elicited from Michael that on the day of the trial he had entered a plea of guilty to the burglary of the Muir residence.

At the request of the State and over defense counsel's objections, the court instructed the jury in the language of IPI Criminal No. 3.17, which states:

> "An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case."

■■ Defendant argues that when the testimony of an alleged accomplice exonerates an accused, it is reversible error for the court to give an accomplice instruction because it derogates the accused's ability to use favorable testimony. Defendant concedes that this instruction is properly given when the accomplice testifies on behalf of the State and implicates a defendant. (*People v. Howard*, 130 Ill. App. 2d 496, 263 N.E.2d 633.) In that situation, the purpose of a cautionary instruction is obvious. As stated in *People v. Howard*, and reiterated in *People v. Riggs*, 48 Ill. App. 3d 702, 363 N.E.2d 137, the general basis for the rule is the unique relationship between the prosecution and an accomplice. From the relationship, there may exist a strong potential motivation to testify falsely for the accomplice who seeks, hopes or expects lenient treatment by the State in return for favorable testimony.

> "Thus a witness, knowing that his own guilt is detected, may seek to shield himself from punishment by purchasing immunity or leniency by falsely accusing others and procuring their conviction.

Even if a promise or expectation of leniency is denied, its existence is always suspected." (48 Ill. App. 3d 702, 705.)

To the contrary, a witness who may be a self-confessed accomplice who exonerates rather than implicates the defendant is risking disfavor by the prosecution, and the same reasons for discrediting his testimony do not exist. *(People v. Howard*, 130 Ill. App. 2d 496, 263 N.E.2d 633.) Thus, in those situations in which an accomplice testifies for the prosecution and implicates the defendant, a judicial instruction cautioning the jury that his testimony is subject to suspicion has been felt warranted. *People v. Johnson*, 317 Ill. 430, 148 N.E. 255.

The Committee Note to IPI Criminal No. 3.17 states:

"The Committee was sharply divided on the final approval of this instruction. The evidentiary elements affecting the credibility of accomplice testimony are customarily elicited (indeed, often times exploited) on cross-examination. *People v. Maggio*, 324 Ill. 516, 155 N.E. 373 (1927); *People v. Mason*, 28 Ill. 2d 396, 192 N.E.2d 835 (1963). The minority of the Committee was of the view that cross-examination afforded sufficient protection to the defendant. However, the majority view—that the testimony of the accomplice warrants judicial comment—prevailed. *People v. Johnson*, 317 Ill. 430, 148 N.E. 255 (1925)."

■■ The language of the instruction and the cases cited in the Committee Note, indicate that the drafters of IPI Criminal No. 3.17 had in mind the usual situation when an accomplice testifies on behalf of the State and implicates the defendant. The instruction was thus designed as a means for the defense to impeach the credibility of an accomplice seeking lenient treatment by the State in return for favorable testimony. It was not written to encompass a situation in which an accomplice testifies for the State and then seeks to discredit its own witness.

The State argues that this case is controlled by *People v. Touhy*, 361 Ill. 332, 197 N.E. 849, which implies that an accomplice's testimony should be viewed in the same manner whether offered on behalf of the State or the defendant. The *Howard* court considered the applicability of the *Touhy* case to a similar question and concluded that it was not dispositive. The court stated:

"We do not believe that the Touhy case is of general application where the testimony of an accomplice exonerates a defendant. The policy underlying the accomplice instruction is not discussed in Touhy and there was accomplice testimony introduced both by the State and the defendant. The accomplice testifying on behalf of defendant had not confessed his guilt and consequently, the reasons for discrediting his testimony were not so apparent. However, the principal limitation of the opinion in Touhy is the

Court's initial premise that it would consider only the very narrow objections to the instruction made by the defendant at the time the instruction was tendered. A complete examination of the subject was not considered by the Court." (*People v. Howard*, 130 Ill. App. 2d 496, 499.)

We concur with the distinction noted by the *Howard* court.

The State also cites *People v. Legear*, 29 Ill. App. 3d 884, 331 N.E.2d 659. In *Legear* the accused was charged with burglary and theft. The testimony of the accomplice witness, called on behalf of the defense, completely absolved the accused of the burglary charge but implicated him on the theft charge. The appellate court stated that it was error to give the accomplice instruction but found it harmless beyond a reasonable doubt, since the accused was found not guilty of burglary.

There are two reasons that the giving of this instruction was error: (1) IPI Criminal No. 3.17 was not intended to be used by the prosecution to discredit principal defense witnesses, and (2) the prosecution should not be allowed to impeach its own witnesses who offer testimony which, in part, exonerates a defendant. As previously noted, the accomplice instruction was never intended as a vehicle for the prosecution, but was designed for the defense to caution the jury when a State's witness's testimony may be flavored by the expectation of clemency.

■■ Although we find the giving of IPI Criminal No. 3.17 was error in this case, we find that it was harmless beyond a reasonable doubt because of the overwhelming evidence of defendant's guilt. The defendant was in the house when it was burglarized. He had socks on his hands when he supposedly tried to fix the door to the burglarized house. It is also undisputed that he told a police officer that he was standing at the back door of the burglarized house as a lookout during the burglary.

The judgment of the trial court is affirmed.

Affirmed.

KARNS, J., concurs.

Mr. JUSTICE JONES, specially concurring:

While I agree with the majority in the result they reach in this case I disagree with the dicta in the opinion in which the majority finds error in the giving of the accomplice instruction, IPI Criminal No. 3.17.

In its remarks condemning the giving of the accomplice instruction the majority disregarded the plain statement of the supreme court in *People v. Touhy*, 361 Ill. 332, 353, 197 N.E. 849:

"No reason is advanced, and none is apparent, why one who is in fact an accomplice should not have his testimony scrutinized

carefully before it is relied on, no matter on which side of the case he testified."

Rather than follow the plainly worded statement of *Touhy*, the majority chose to follow *People v. Howard* which held it to be error to give the accomplice instruction where the accomplice gave testimony exonerating the defendant. The conclusions of the *Howard* case regarding the accomplice instruction were also dicta since the court found that the witnesses were not really accomplices at all, the court stating that "The so-called accomplices did not so testify (that defendant was involved in the crime with them), and the effect of the instruction could only have been confusing and prejudicial."

The majority cites *Howard* for the proposition that "* * * the general basis for the rule is the unique relationship between the prosecution and an accomplice. From the relationship, there may exist a strong potential motivation to testify falsely for the accomplice who seeks, hopes or expects lenient treatment by the State in return for favorable testimony." The proposition is, of course, true. But it cannot be accepted as a statement of the sole basis or motivation for the testimony of an accomplice. In rejecting the applicability of the rule of the *Touhy* case the majority quote a comment from the *Howard* case which concludes: "A complete examination of the subject was not considered by the court."

In my opinion it is the court in *Howard* that has erred by failing to make a "complete examination of the subject." They considered only the motivation that compels an accomplice to testify for the State and inculpate a defendant. Such a view is much too restrictive to be considered a "complete examination of the subject."

A more comprehensive view is found in the following from *United States v. Nolte* (5th Cir. 1971), 440 F.2d 1124, 1126:

> "While a defendant has the right to have an accomplice testify in his behalf, it is the better practice, although not required, for courts to give a cautionary instruction concerning the testimony of an accomplice. Caminetti v. United States, 1917, 242 U.S. 470, 495, 37 S. Ct. 192, 61 L. Ed. 442; Holmgren v. United States, 1910, 217 U.S. 509, 524, 30 S. Ct. 588, 54 L. Ed. 861. The policy behind the practice is obvious: to alert the jury to the possibility of perjured testimony. When an accomplice testifies for the prosecution he may have an interest in prevaricating in favor of the prosecution to obtain favors or even immunity. Washington v. Texas, *supra*, 388 U.S. at 22-23, 87 S. Ct. 1920. On the other hand, when one accomplice testifies for another, there is always the chance that each will try to 'swear the other out of the charge.' *Id.* at 21, 87 S. Ct. at 1924.

> Nolte insists, however, that the instruction may only be given

when an accomplice testifies for the prosecution, and not when he testifies in behalf of the defendant. We disagree. It is clear that an accomplice's credibility may be suspect, regardless of whether he testifies for the prosecution or the defense."

IPI Criminal No. 3.17 is itself neuter as to its application to testimony of an accomplice irrespective of whose instance produces that testimony. The committee note likewise holds no restriction in its application.

The role of accomplice is acquired by participation in the particular crime, not by the posture in which the role player takes the witness stand. An accomplice may be called to testify by the State, by a co-defendant, as a court's witness or in his own stead. By whomever called he may either implicate or exonerate the defendant, or he may give testimony which would do both. Generally, an accomplice will give testimony favorable to the party who calls him to testify but by no means is this a rule of universal application. In the case under consideration the accomplice, Michael, was called by the State but he gave testimony which the defendant thought was favorable to him. In *People v. Legear*, 29 Ill. App. 3d 884, 331 N.E.2d 659, the accomplice witness, Ippolito, called by the defendant, exonerated defendant of the crime of burglary but implicated him in the crime of theft, both charges being prosecuted in the same trial.

In the final analysis the fact that a witness is an accessory to the crime in question is a matter of credibility. The factors which affect credibility are operative when an accessory testifies favorably for a defendant as well as when he testifies adversely to a defendant. The majority, the *Howard* case, and *People v. O'Neal*, 44 Ill. App. 3d 133, 358 N.E.2d 47, indicate that the sole motivation behind the testimony of an accomplice is the furtherance of an agreement with the prosecution. This position belies the reality that the accessory may be motivated by factors other than his relationship with the prosecution and his hope of obtaining favorable consideration therefrom. His impulse may well be, and often is, to exonerate his co-defendant. It is unrealistic to expect a fellow accused to be a stranger or an enemy of the accessory; more likely it is one with whom the accessory has a close and intimate relationship, and the impulse to help such persons would in some circumstances be as natural as to help themselves. I do not suggest that there is an honor among thieves but only say that the motivation of an accessory as a witness to testify this way or that is as diverse as the personalities who populate the prisons of the State.

The majority also place reliance on *People v. O'Neal* which followed the rule of *People v. Howard*. Again, the holding in *O'Neal* is dicta for that court found that the accessory instruction should not be given because the alleged accessory witness, Stuckey, was in fact not an accessory because he did not implicate defendant in the crime. It stated:

"These cases [*Touhy* and *Legear*] do not control in a case where

the so-called accomplice does not testify that he and defendant were involved in the commission of a crime. As the court stated in *People v. Howard*: "* * * The effect of the instruction could only have been confusing and prejudicial. * * * The judicial comment by way of instruction tended to unfairly discredit the principal evidence favoring defendant.'" 44 Ill. App. 3d 133, 135, 358 N.E.2d 47, 49.

I believe the proper rule for giving the accomplice instruction is that announced in *Touhy, Nolte*, and *Legear*. As stated in the latter case:

"However, we believe that a close examination of the circumstances of each case is necessary in order to determine the sensible application of the rule when the giving of the instruction is claimed to be reversible error. Whether an accomplice testifies for the defendant or for the State his credibility may be suspect, and the trial judge should have judicial discretion to decide whether to advise the jury to accept the accomplice's testimony with caution." 29 Ill. App. 3d 884, 892, 331 N.E.2d 659, 665.

I would affirm the trial court in its giving of the accomplice instruction in this case.