THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAFAYETTE PERRYMAN, Defendant-Appellant.

Third District    No. 79-33

Opinion filed January 17, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Having been found guilty of conspiracy to commit armed robbery and sentenced to a determinate term of imprisonment of two years therefor, the defendant, Lafayette Perryman, instituted this appeal. The only issue raised by the defendant is whether the trial court erred in instructing the jury that:

"An accomplice witness is one who testifies that he was involved in the commission of a crime with the defendant. The testimony of an accomplice witness is subject to suspicion, and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case." (Illinois Pattern Jury Instructions, Criminal, No. 3.17 (1968) (hereinafter IPI Criminal).)

The defendant's challenge to this instruction is that it should not have been given when the accomplice testified on behalf of the defendant. On the other hand, the State argues that the defendant, not having specifically raised this question in his objections to the giving of IPI Criminal No. 3.17, has waived the issue for purposes of review. However, opinions which have discussed the issue now raised by this defendant have indicated that the improper tendering of the accomplice testimony destroys the presumption of a defendant's innocence. (*People v. Riggs* (1977), 48 Ill. App. 3d 702, 363 N.E.2d 137; *People v. O'Neal* (1976), 44 Ill. App. 3d 133, 358 N.E.2d 47.) Since the improper tendering of this instruction would so affect a substantial right of the defendant as to constitute plain error (Ill. Rev. Stat. 1977, ch. 110A, par. 615 (a)), a discussion of the issue is warranted.

As a general rule, whether offered by the State or the defendant, the testimony of an accomplice should be viewed in the same manner. (*People v. Touhy* (1935), 361 Ill. 332, 197 N.E. 849.) An exception to the general rule exists, however, in cases in which the witness exonerates or

fails to implicate the defendant, and in that circumstance the accomplice instruction ought not be given. (*People v. Brown* (1977), 55 Ill. App. 3d 724, 370 N.E.2d 814; *People v. Riggs* (1977), 48 Ill. App. 3d 702, 363 N.E.2d 137; *People v. O'Neal* (1976), 44 Ill. App. 3d 133, 358 N.E.2d 47; *People v. Howard* (1970), 130 Ill. App. 2d 496, 263 N.E.2d 633.) But it has been suggested that the Illinois law should be that, if the witness' testimony does not exonerate or completely fail to implicate the defendant, the trial court has the discretion to give the accomplice instruction since a strong potential motivation for an accomplice to testify falsely in favor of the defendant exists and his credibility may be equally suspect whether he testified for the State or the defendant. (*People v. Legear* (1975), 29 Ill. App. 3d 884, 331 N.E.2d 658; *People v. Brown* (1977), 55 Ill. App. 3d 724, 370 N.E.2d 814 (special concurrence).) We disagree.

This court has stated:

> "The general basis for the rule is the unique relationship between the prosecution and an accomplice. From the relationship there may be a strong potential motivation for an accomplice to seek, expect or hope for favorable treatment by the prosecution if his testimony favors the position of the State. Contrarywise, a witness who may be a self-confessed accomplice who exonerates rather than implicates the defendant is risking disfavor by the prosecution and the same reasons for discrediting his testimony do not exist." (*Howard*, 130 Ill. App. 2d 496, 498.)

The purpose of the instruction, therefore, is to afford greater protection for the defendant, not the State. The State is not on trial. Any bias which the witness may arguably have to falsely testify in favor of the defendant (see *United States v. Nolte* (5th Cir. 1971), 440 F.2d 1124; *People v. Brown* (1977), 55 Ill. App. 3d 724, 370 N.E.2d 814 (special concurrence)) may be presented to the jury during closing argument, for the credibility of the witness is always an issue to be resolved by the trier of fact.

This instruction was designed, as are many other rules of criminal procedure, to interject fairness into the proceedings by counterbalancing the very great influence and power of the State. As a result, we cannot say that the giving of this instruction in circumstances such that it tends to destroy the presumption of innocence is harmless error. *Cf. People v. Brown* (1977), 55 Ill. App. 3d 724, 370 N.E.2d 814.

Accordingly, the judgment of the Circuit Court of Rock Island County is reversed and the cause is remanded for a new trial not inconsistent with this opinion.

Reversed and remanded.

ALLOY and STENGEL, JJ., concur.