THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN KRUSH, Defendant-Appellant.

Second District    No. 83—389

Opinion filed December 30, 1983.

G. Joseph Weller and Josette Skelnik, both of State Appellate Defender's Office, of Elgin, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Barbara Preiner and Scott M. Day, Assistant State's Attorneys, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After trial by jury defendant, John Krush, was convicted of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), and sentenced to four years' imprisonment. The sole issue presented by his appeal is whether error requiring reversal occurred when the trial court gave Illinois Pattern Jury Instruction (IPI), Criminal, No. 3.17 (2d ed. 1981), a cautionary instruction relating to the testimony of a witness who is an accomplice to the offense. We affirm.

Evidence at trial disclosed that on the night of April 3, 1982, a patroling police officer of the city of Warrenville noticed a pickup truck parked between two construction site trailers in a street *cul-de-sac* of a housing development. When he approached to investigate, the officer saw defendant closing the tailgate of the truck. The officer asked defendant what he was doing, and defendant responded that he and his companion had stopped to relieve themselves. The officer noticed two boxes in the back of the truck and asked defendant where he had gotten them. Defendant responded, "We picked them up off the ground." The officer then noticed another man, later identified as William Dunkin, exit one of the construction trailers. The officer testified he did not see defendant in the trailer.

Another officer arrived and, on looking into the trailer using a light, saw other boxes of the same size, shape and with the same markings as those in the pickup truck. Defendant and Dunkin were arrested and searched disclosing that each carried a flashlight in his coat.

A representative of the owner of the construction trailers testified neither defendant nor Dunkin had authority to enter them and that the trailer which had been entered held boxes containing marble vanity tops.

William Dunkin was called as a witness by defendant and testified he had entered a guilty plea to this burglary and was serving a sen-

tence of imprisonment. Dunkin also testified that on the night in question he and defendant had been out drinking and, after driving to Batavia in defendant's truck, they traveled down Route 59 to find another place to drink. En route defendant said he wished to relieve himself and drove off the highway into a construction site, parking the truck at the end of a road. Defendant then went around to the side of a trailer to relieve himself and, while he was gone, Dunkin got out with a flashlight to look around. Upon discovering the trailer was unlocked Dunkin stated he entered and pushed two boxes out of it; defendant was then still on the other side of the trailer. Dunkin testified he came out of the trailer shortly thereafter when he saw a light; the police car was then present and he saw defendant closing the tailgate of the truck.

Dunkin also testified he had not discussed the burglary with defendant and it was his own idea. He acknowledged that defendant had placed the boxes removed from the trailer into his truck.

At the request of the State and over defendant's objection, the trial court gave the "accomplice" instruction of which defendant complains, as follows:

> "When a witness says he was involved in the commission of a crime with the defendant, the testimony of that witness is subject to suspicion and should be considered by you with caution. It should be carefully examined in light of the other evidence in the case." IPI Criminal No. 3.17 (2d ed. 1981).

Defendant notes that William Dunkin was the only witness called on his behalf and that the State, in argument, pointed out to the jury his testimony could, under the law, be viewed with suspicion as he was involved in the crime with defendant. Defendant argues the "accomplice" instruction should never be given when it may apply to a witness called by a defendant and, in this case, to allow the jury to disregard the testimony of the only defense witness was error requiring that he be given a new trial.

■ It is apparent William Dunkin was an accomplice to the burglary offense for which defendant was tried (*People v. Cobb* (1983), 97 Ill. 2d 465, 455 N.E.2d 31) and, if he had been called as a witness by the State, that the disputed instruction would have been properly given. However, the question whether an "accomplice" instruction may ever be given when directed to the testimony of a witness called by a defendant, as in this case, has not been clearly settled in Illinois, and the appellate court has taken conflicting positions on the issue.

Our supreme court addressed the question in *People v. Touhy* (1935), 361 Ill. 332, 197 N.E. 849. In that case three accomplice wit-

nesses testified, one of whom was called by the defendant. The jury was instructed "[t]he testimony of an accomplice is competent evidence but such testimony is liable to grave suspicion and should be acted upon with great caution." (361 Ill. 332, 352.) Defendant there contended it was error to give the instruction as it related, in part, to one of defendant's witnesses. In finding there was no error, the court noted: "[n]o reason is advanced, and none is apparent, why one who is in fact an accomplice should not have his testimony scrutinized carefully before it is relied on, no matter on which side of the case he testified." 361 Ill. 332, 353, 197 N.E. 849, 859.

In the first edition of Illinois Pattern Jury Instructions, Criminal, published in 1968, an accomplice instruction was offered which was similar to that given in this case and the Committee Notes disclose it was divided whether any accomplice instruction ought to be given at all. In 1981, the second edition of IPI criminal instructions deleted the word "accomplice" so that the form refers generally to a witness who says he was involved in a crime with defendant. In this edition, the Committee Note states, without citation of authority, that the instruction applies only to a witness who testified for the State. IPI Criminal No. 3.17, Committee Note (2d ed. 1981).

The appellate court has considered IPI Criminal No. 3.17 in numerous cases since 1968, with varying conclusions. In *People v. Legear* (1975), 29 Ill. App. 3d 884, 891-92, 331 N.E.2d 659, this court considered the instruction where it related to testimony of an accomplice who had been called by the defendant, stating,

> "Whether an accomplice testifies for the defendant or for the State his credibility may be suspect, and the trial judge should have judicial discretion to decide whether to advise the jury to accept the accomplice's testimony with caution. [Citation.] Here, the total circumstances (including the fact that the testimony of the witness while it attempted to exonerate the defendant in part did nevertheless provide corroborative details for the State's case) appear to us to support the exercise of the court's discretion." (29 Ill. App. 3d 884, 892, 331 N.E.2d 659, 665.)

The court also found, alternatively, that giving the instruction in that case was harmless error. This court again considered the instruction in *People v. Hanson* (1980), 83 Ill. App. 3d 1108, 404 N.E.2d 801, there holding it was error to give it where the accomplice was called to testify for defendant and his testimony totally exonerated defendant. (See also *People v. Riggs* (1977), 48 Ill. App. 3d 702, 363 N.E.2d 137; *People v. O'Neal* (1976), 44 Ill. App. 3d 133, 358 N.E.2d 47; *Peo-*

*ple v. Howard* (1970), 130 Ill. App. 2d 496, 263 N.E.2d 633.) In *People v. Hanson* the court also noted, in *dicta*, that the accomplice instruction was never intended as a vehicle for the prosecution.

■ We would agree with the conclusions of these cases insofar as they hold, under their respective facts, that *total* exoneration of a defendant by an accomplice witness called by defendant would preclude giving of the instruction. Where such testimony completely fails to implicate defendant, use of the cautionary instruction may tend to unduly derogate defendant's ability to use favorable testimony by an accomplice. *People v. Legear* (1975), 29 Ill. App. 3d 884, 892, 331 N.E.2d 659.

The view we have discussed was also followed by the court in *People v. Brown* (1977), 55 Ill. App. 3d 724, 370 N.E.2d 814, in holding that the instruction may not properly be given to impeach an accomplice witness who testified for the State, but exonerated defendant. In *dicta*, the majority also stated the instruction was not intended to be used by the prosecution to discredit defense witnesses and was intended only for use by a defendant to caution the jury when a State's witness' testimony may be flavored by the expectation of clemency. In a well-reasoned special concurrence, however, Justice Jones took exception to the *dicta* of the majority opinion which condemned use of the accomplice instruction except when directed to a State's witness. He noted that the testimony of an accomplice may be equally suspect for a variety of reasons whether he was called as a witness by the State or defendant; that an accomplice may well be motivated to seek favor from the State by his testimony, but equally may seek to exonerate the defendant with whom he usually had a close relationship. Justice Jones, in reliance upon *People v. Touhy, People v. Legear* and *United States v. Nolte* (5th Cir. 1971), 440 F.2d 1124, 1126, considered the proper rule for giving the accomplice instruction should depend upon the circumstances of each case and, whether the accomplice testifies for the State or defendant, the trial court should have discretion to advise the jury to accept the testimony with caution. See contra, *People v. Perryman* (1980), 80 Ill. App. 3d 204, 399 N.E.2d 727.

■ We agree with this reasoning and conclude the trial court did not abuse its discretion in giving the instruction to the jury in the present case. The credibility of accomplice testimony cannot realistically be determined solely on the basis of which side called him as a witness; as Justice Jones noted, the motivation of an accomplice as a witness to testify one way or another is as diverse as the personalities who populate the prisons.

In *People v. Cobb* (1983), 97 Ill. 2d 465, 455 N.E.2d 31, the court

noted an accomplice was one who could himself have been charged with the offense and, if so, a defendant would be entitled to the cautionary instruction as to the reliability of the witness' testimony. In this case the witness had pled guilty to the offense for which defendant was on trial and was clearly an accomplice. Dunkin's testimony did seek to exonerate defendant, but failed to do so, and substantially corroborated the State's evidence placing defendant at the scene of the burglary loading the stolen property in defendant's truck.

Accordingly, the judgment of the circuit court will be affirmed.

Affirmed.

REINHARD and VAN DEUSEN, JJ., concur.