RAY TUNNELL V. THE STATE.

No. 10363.   Delivered November 10, 1926.

Rehearing denied January 26, 1927.

**1.—Robbery—Indictment Held Sufficient.**

Where an indictment for robbery with firearms, followed approved precedents, there was no error in the trial court overruling the motion to quash. The Murdock case, 52 Tex. Crim. Rep. 262, cited by appellant in support of his motion to quash, was overruled in the case of Green v. State, 66 Tex. Crim. Rep. 446. Also see Crouch v. State, 87 Tex. Crim. Rep. 115; Guyon v. State, 89 Tex. Crim. Rep. 287.

**2.—Same — Requested   Charge — On   Accomplice   Testimony — Properly Refused.**

Where on a trial for robbery the appellant requested a charge on accomplice testimony, and such requested charge named no witness as an accomplice, nor does anything appear in the record indicating to whom appellant sought to have the charge applied, same was properly refused.

**3.—Same—Evidence—Held Sufficient.**

Where, on a trial for robbery, the defensive issue having been fairly and properly presented in the court's charge, the jury having found adversely to appellant's contention, and the trial judge having affirmed his belief in the sufficiency of the testimony, this court does not feel at liberty to say that there was not sufficient testimony to justify the conclusion reached.

ON REHEARING.

**4.—Same—No Error Disclosed.**

On rehearing appellant again urges that the testimony is insufficient to support the conviction. A careful review of the record confirms us in our view expressed in our original opinion that the conviction was supported by the testimony, and the motion for rehearing is overruled.

Appeal from the District Court of Callahan County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for robbery, penalty five years in the penitentiary.

The opinion states the case.

*Otis Bowyer* of Baird, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in the District Court of Callahan County of robbery, punishment five years in the penitentiary.

Some parties were engaged in a crap game. According to the state's contention one Anthony drew a pistol and ordered the others to throw up their hands. They complied. He then directed appellant to go through the crowd and get their money. Appellant did so. Appellant, Anthony and one Martin then left the scene in a car together, appellant driving the car.

Appellant moved to quash the indictment, which is in the usual form charging robbery by the use and display of a pistol. The ground of appellant's motion was that the indictment charged separate and distinct offenses in the same count, was vague, uncertain, unintelligible and ambiguous. Appellant cites the Murdock case, 52 Tex. Crim. Rep. 262. The Murdock case was overruled in the case of Green v. State, 66 Tex. Crim. Rep. 446. See also Crouch v. State, 87 Tex. Crim. Rep. 115; Guyon v. State, 89 Tex. Crim. Rep. 287. The form of the indictment herein seems to follow approved precedents. The court committed no error in overruling the motion to quash.

We are unable to agree with appellant that the court should have granted his requested peremptory instruction for acquittal.

The only other complaint of procedure appearing is the refusal of the court to give an instruction requested defining what is meant by accomplice, and telling the jury that a conviction could not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect defendant with the offense committed. The special charge named no witness as an accomplice, nor does anything appear in the record indicating to whom appellant sought to have the charge applied. As we view the matter, to have given such instruction as the one refused, would not have benefited appellant at all. The jury could not have known to whom same referred. In his brief appellant asserts that the state witness, Martin, was the accomplice to whom he referred in said special charge. The only fact in Martin's testimony in anywise supporting such proposition was that he came to the place where the crap game was in progress with appellant and Anthony, and left with them. The testimony of Martin went no further in its criminating weight against appellant than did the testimony of the other witnesses who were present at the crap game and detailed the manner of the commission of the crime. Martin testified that appellant got a car on the morning of the alleged robbery and drove from Winters to Oplin, near which place the robbery is said to have occurred. That appellant asked witness to go with him, and told him he was going over to Oplin to collect a debt. He denied any agreement between appellant, Anthony and himself to com-

mit any robbery, and denied any knowledge of the fact that appellant or appellant and Anthony were going to act together in the commission of such offense. We think the learned trial judge justified in not giving the charge, and are further of the opinion that even if same had been given, it would have been of no material benefit to appellant. The record shows abundant corroboration of the testimony of Martin, even if Martin had been deemed an accomplice. Matkins v. State, 33 Tex. Crim. Rep. 605; Moseley v. State, 36 Tex. Crim. Rep. 578. To require or warrant an instruction on accomplice testimony, there must be some evidence of a witness' complicity in the crime for which the accused is being tried. Smith v. State, 28 Tex. Crim. App. 309. No request was made that the court submit to the jury the issue as to whether the witness Martin was an accomplice. Jones v. State, 63 Tex. Crim. Rep. 394; Snelling v. State, 123 S. W. 610.

Appellant insists that the evidence is not sufficient to support the judgment. The court submitted the case to the jury on the theory of circumstantial evidence, and presented affirmatively the defensive theory, which was that appellant did not willingly co-operate with Anthony in the taking of the money from the injured parties, but was coerced by Anthony into so acting. There was no exception to the charge on this point. There seems from the record no question but that appellant did go through the pockets of the various persons present while Anthony held his pistol upon them. It was peculiarly a matter within the province of the jury to determine, in the first instance, and for the trial court to determine when the motion for new trial came before him, as to whether the evidence was such as to support the finding that the parties acted together with a common intent in the commission of the robbery. The jury having found that they were acting together, and the learned trial judge having seen the witnesses and heard them testify, and having affirmed his belief in the sufficiency of the testimony, we do not feel at liberty to say that there was not sufficient testimony to justify the conclusion reached.

The judgment will be affirmed.                    *Affirmed.*

I think the circumstances present the issue of accomplice witness as relates to Martin, and that the special charge requested, while incomplete, was sufficient to direct the court's attention to the omission to charge on corroboration. However, under the record the criminative facts to which Martin testified, were proved by other witnesses who were not accomplices, and were not controverted.                    MORROW, Presiding Judge.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant raises but the question of the sufficiency of the testimony. We have carefully reviewed same. Appellant did not testify. It was shown without dispute that he went with the witness Martin on the day in question, from Winters, in Runnels County, in a car hired or borrowed by appellant, to the town of Oplin, in Callahan County, the announced purpose of appellant being to collect a debt from one Anthony, whose home was at Winters, but who was at the time staying at Oplin. Appellant drove the car from Winters to Oplin. After reaching Oplin witness Martin, together with appellant, Anthony and others went down in a pasture where a crap game was in progress. It is without dispute that while at said place Anthony drew a pistol and ordered the crowd to throw up their hands and then directed appellant to search them. Appellant went through the pockets of the party and took their money, etc. Anthony then directed appellant to get in the car. He, Anthony and Martin got in the car and drove from there to Abilene, an almost opposite direction from Winters, and then drove from Abilene to Winters. After reaching Winters, Martin got out of the car at his home, and appellant and Anthony drove away together. There is no sort of question but that appellant took from the other parties their money, and the only issuable matter was whether he did it under compulsion. This was submitted to the jury and they found against appellant. We are not able to bring ourselves to believe that the record is so devoid of testimony as to call for a reversal.

The motion for rehearing will be overruled.

*Overruled.*