BUCK YETT v. THE STATE.

No. 11532. Delivered May 30, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense the unlawful sale of intoxicating liquor, penalty one year in the penitentiary.

The only serious question presented in the record is appellant's exception to the following argument of the Prosecuting Attorney made to the jury:

"There is lots of drinking going on up around Liberty Hill. If you want to stop it, give this nigger the limit. Five years is not enough debt for him to pay for the harm he has done ever since he has been up there. Right now there is no telling how much blood of young men he has poisoned, and I want you gentlemen to send the word by these people from Liberty Hill out there in the court room that this nigger is stuck and there must be no more liquor drinking at their Saturday night socials or any other time up there."

Appellant excepted to this argument when made and the court immediately admonished the prosecuting attorney to stay in the record and expressly instructed the jury to disregard the above remarks. The court did all he was asked to do. The remarks of the Prosecuting Attorney were entirely out of the record and highly improper, but since the jury were instructed to disregard them, we do not think they fall within that character of arguments, the effect of which cannot be cured by an instruction form the court. Torrans v. State, 98 Tex. Crim. Rep. 298; Good v. State, 98 Tex. Crim. Rep. 556. The jury assessed the lowest penalty and the evidence is amply sufficient to sustain the conviction. The verdict appears responsive to the evidence of guilt and the record as a whole does not suggest

that the jury disregarded the court's said instructions in reaching a verdict.

If the verdict in this case had been above the minimum or if the record raised any serious question of appellant's guilt, we would not hesitate to reverse because of this argument. The use of such language is inviting a reversal, and so manifestly unfair that a prosecuting attorney should not hazard a victory for the State by the use of such.

Other improper conduct of the Prosecuting Attorney of a similar but less serious character is set out in various bills. The court in each instance did all that was possible for him to do to protect the appellant, and in each instance instructed the jury to disregard the remarks and conduct of the Prosecuting Attorney. Some allowance must be made for zeal in prosecution, but the character of conduct and argument reflected in this record cannot be commended.

The point is presented that the State was bound by the date named in the indictment which alleges an offense committed on or about September 3, 1927, while the proven transaction occurred in August, 1927. It is only required that the date alleged be one anterior to the filing of the indictment and not so far remote as to be barred by limitation. Johnson v. State, 1 Tex. Crim. App. 121; Branch's P. C., p. 231, for a full collation of authorities.

The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.