## DICK HAZZARD v. THE STATE.

No. 12307. Delivered March 13, 1929.

540

The opinion states the case.

*J. R. Stubblefield, A. B. Haworth* and *Bob McCampbell,* for appellant.

*A. A. Dawson,* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, rape; penalty, death.

This is a companion case to Harley Holland et al. v. State of Texas, No. 12308, this day affirmed.

Prosecutrix, Velma Bankhead, a girl about twenty years of age lived with her mother and father at the time of the alleged offense near the little town of DeLeon. Appellant and prosecutrix were practically strangers at this time, having met only once before. On the night of the alleged offense appellant made a date with prosecutrix to take her to church services nearby. Prosecutrix and appellant left her home together in an automobile and at a filling station nearby picked up two other boys, J. D. Pierce and Harley Holland. The four of them went to the nearby town of Gorman and there found Christine Gammage at the home of one of her relatives and being asked to take her home, they agreed and the five of them left together. Soon after leaving the last mentioned place, prosecutrix according to her testimony was dragged by the three boys from the car and ravished by each of them, they mutually assisting one another. We see no necessity for here repeating the revolting details of the brutal conduct of these boys as testified to by prosecutrix. She was corroborated in nearly all the material portions of her testimony by Christine Gammage. The testimony of her mother and father and of two physicians tended to corroborate her. Appellant offered no testimony.

The Court charged that the State's witness Christine Gammage was an accomplice, to which the appellant objected because there was no testimony in the record tending to support such a charge, because same was upon the weight of the testimony and was prejudicial. Christine Gammage seems to have been a friend of the boys and the testimony shows that she said voluntarily after the occurrence that she would die before she would tell it. Unless these are sufficient we find nothing which tends to show that she was implicated in the alleged crime of appellant. Very briefly the testimony shows that

the boys went to the home of one of her relatives at or near Gorman and finding her gone, went to the home of another and there found her with the result aforesaid. The circumstances rather rebut any inference of any prearrangement between them on her part of the trip. It further shows that she attempted to assist prosecutrix when assaulted and was prevented from so doing by the appellant. To warrant an instruction on accomplice testimony there must be shown some complicity of the witness in the crime for which the accused is being tried. Smith v. State, 28 Tex. Crim. Rep. 309. We do not think the issue of Christine Gammage being an accomplice was raised by the testimony. About all the defensive matter we find in the record for appellant was testified to by her. For example, prosecutrix testified that the three boys forcibly took her from the car, while the witness Christine Gammage testified that only Dick Hazzard took her from the car. There are other statements of Christine Gammage which might meagerly support the inference that prosecutrix had agreed not to tell of the crime. In view of the defensive matters which are weakly testified to by this witness, the charge given might prove prejudicial to the accused in that it could be regarded as an intimation from the Court that in his opinion there was a conspiracy between the witness and the three boys to commit the crime. Of course any intimation by the Court that a witness who gave favorable testimony to the appellant was an accomplice would obviously weaken the force of his testimony. For other cases tending to support our view concerning this matter see Tunnell v. State, 290 S. W. 182, and particularly Josef v. State, 34 Tex. Crim. Rep. 446. If such charge on another trial is again objected to, we think it should be omitted from the Court's instructions.

Statements of prosecutrix to her mother made immediately upon her arrival home were admitted over objection that same were hearsay, appellant not being present. That prosecutrix made complaint of the crime to her mother immediately upon her arrival home would be admissible, but not the details thereof unless the presence of other facts made them so. Bedgood v. State, 3 S. W. (2nd) 99; See also Stringer v. State, 278 S. W. 209; Holst v. State, 23 Tex. Crim. App. 1. In this case, however, there would seem little room to doubt their admissibility as res gestae statements. There is some little vagueness concerning the transaction in question. Upon another trial if there is shown such relation between the statements made and the transaction which they purport to detail as to evidence their spontaneity, they may properly be admitted. The time

between the two, as well as the intervening events, do not appear as clear as they might in the record. This will dispose also of appellant's contention with reference to the statements of prosecutrix to her father.

We find a number of bills to statements and arguments of State's counsel to the jury. We deem it necessary to discuss only one of these.

The State's attorney in his closing argument to the jury used the following language: "The eyes of Comanche County are upon you. Look at this crowd in this court room, and a crowd has been here all during this trial. The will and wish of every law-abiding citizen of Comanche County wants a verdict of death." Objection was made to this and proper written instruction requested to disregard the same, which was by the Court refused. As has been ofttimes stated, the harmful effect of an argument must be measured in the light of the entire record and penalty assessed. As a background for this argument the record affirmatively shows a rather excited state of public mind. The offense is alleged to have occurred on the 21st day of July, 1928. Appellant was indicted on the 31st day of July, 1928, and appears to have been put to trial on the 6th day of August, 1928. The facts surrounding the commission of the alleged offense are such as to arouse a deep resentment and so stir the passions of men as to make calm deliberation difficult. In an atmosphere undoubtedly charged with a hostile sentiment the State's attorney uses language which would make a strong appeal to the average juror who would like to hold the respect and good will of his fellow men. The effect of the above language was to ask for a conviction upon public sentiment rather than upon the evidence and to give a verdict of death because the public desired it. Constitutional guaranties have been found necessary to protect the liberty of men from the hasty judgment of the multitude. To more effectually do this there has been written into our organic law a guaranty that the accused shall be confronted with the witnesses against him. He must and can only be convicted by testimony coming from the witness stand in open court, where he may have the privilege of cross-examination and of offering rebuttal testimony. Such a rule has been evolved from the wisdom of centuries and to ask a jury to give a death penalty because their neighbors desire it is to ask them to violate this fundamental right which belongs to every man. Condemning somewhat similar language in the recent case of Yett v. State, 7 S. W. (2nd) 94, we said that the use of such language is

inviting a reversal. Similar language was condemned in the early case of Conn v. State, 11 Tex. Crim. App. 390.

There seems no other alternative under our plain duty than to order a reversal, and it is accordingly done.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.