MYRTLE HUNTER v. THE STATE.

No. 12503. Delivered May 29, 1929.

The opinion states the case.

*T. W. Bartlett* and *W. E. Rogers* of Marlin, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, robbery by assault; penalty, five years in the penitentiary.

Prosecuting witness, Trinidad Martinez, a Mexican, testified that appellant and a male companion assaulted and cut him with a knife, robbing him of $5.00 in the nighttime about the date alleged in the indictment in the town of Marlin near the home of his brother. The testimony of prosecuting witness was corroborated by other witnesses.

Appellant's testimony was to the effect that she granted carnal favors to prosecuting witness and he paid her $5.00 therefor, after which he assaulted her and endeavored to recover the $5.00.

Complaint is made in Bill of Exception No. 1 of the action of the Court in permitting prosecuting witness to testify that he told his brother that he had been highjacked and robbed by two negroes. This is shown to have been within a few minutes after the occur-

rence and within a short distance of where it occurred and was, in our opinion, res gestae.

Complaint is made in Bill of Exception No. 3 of the refusal of the Court to permit the appellant to prove that prosecuting witness was on terms of intimacy with other negro women in the town of Marlin. Evidence of good or bad character is restricted to general reputation and does not extend to particular acts of misconduct. Underhill's Criminal Evidence (3rd Ed.), Paragraph 141; Branch's P. C., Sec. 168; McAfee v. State, 17 Tex. Crim. App. 139. The proffered testimony was inadmissible.

Character witnesses were introduced who gave testimony of the good reputation of appellant. Contention is made that it was improper for the prosecuting attorney to ask these witnesses on cross-examination of specific instances of misconduct illustrating the bad character of appellant of which the witnesses had heard. As illustrative of these, the question was asked: "Did you hear she was wanted in Borger for robbery?" A character witness to test his credibility may be asked if he has heard rumors of particular and specific charges of misconduct inconsistent with the character which he is called on to prove; not to establish the truth of such facts, but to test his credibility and to determine the weight of his evidence. Underhill's Criminal Evidence (3rd Ed.), Paragraph 141; Branch's P. C., p. 117; Howard v. State, 37 Tex. Crim. Rep. 498; Holloway v. State, 45 Tex. Crim. Rep. 303.

The most serious question presented in the record in our opinion is that shown in Bill of Exception No. 12 relating to the argument of the County Attorney to the jury. The language set out is to the effect that the appellant and her companion, Sam Hunter, were schooled out in the oil boom towns in holding up and robbing people and left a trail of slime behind them all the way to Rosebud and Marlin, where they had held up and robbed Martinez. The Court qualified this bill to show that upon objection he orally instructed the jury to disregard this and that there was no request made for a written instruction on same. The Court did all he was called on to do and all he could do in the matter. The argument was improper. There seems little, if any, basis for same in the evidence. The verdict of the jury, however, assessed the lowest penalty and was in our opinion clearly in response to the evidence, which seems entirely sufficient. We do not believe under the particular facts of this case that the argument complained of is shown to have influenced the verdict of the jury when viewed in the light of the evi-

dence against appellant shown in the statement of facts. Yett v. State, 7 S. W. (2nd) 94.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.