JAMES CLEVELAND v. THE STATE.

No. 18367. Delivered May 20, 1936.

358

The opinion states the case.

*John S. Simmang,* of Giddings, and *Wm. F. Jackson,* of Hempstead, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for two years.

The proof on the part of the State was to the effect that appellant, who is a negro, stabbed John Hoting, a white man, with a knife. Hoting testified that while he was walking along a sidewalk he attempted to shove his way through a group of negroes. Several of the negroes attacked him, and appellant stabbed him with a knife.

Appellant testified that Hoting was assaulting his (appellant's) crippled son; that he remonstrated with him and Hoting hit him above the eye with a metal knuck; that he thereupon struck Hoting with a knife in an effort to protect his son and himself. Several witnesses gave testimony corroborating appellant's version of the transaction.

In his closing argument the district attorney used language as follows: "In this case, gentlemen, the evidence shows that there were three negroes fighting a white boy and this defendant came up and stuck a knife in him as Mr. Chappel told you. I say to you he can consider himself lucky that the good people of Lee County afforded him a trial. Some of them are in the court room now to see that you do your duty and send him to the penitentiary where he belongs." Appellant's objection to said argument was sustained, and the jury instructed to disregard it. The remarks of the district attorney were apparently intended as an appeal to the jury to convict appellant because he had assaulted a white man, and this regardless of the evidence. Again, the effect of the language was to ask

for a conviction upon public sentiment rather than upon the evidence. The imputation was present that the spectators in the court room would likely mob appellant in the event of an acquittal. We deem said argumnt to have been obviously prejudicial. Similar arguments have often been held to constitute reversible error. See Woolly v. State, 247 S. W., 865; Clancy v. State, 247 S. W., 865; Hazzard v. State, 15 S. W. (2d) 638; Blocker v. State, 16 S. W. (2d) 253; Smith v. State, 68 S. W., 995.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.