[Crim. No. 2209.   Third Dist.   Dec. 20, 1950.]

THE PEOPLE, Respondent, v. ROBERT W. HARTUNG, Appellant.

Robert B. Kutz for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—This is an appeal by defendant Hartung from a judgment of conviction finding him guilty on three counts as charged in an indictment filed by the grand jury of Butte

County and from the order denying his motion for a new trial.

Count 1 of the indictment charged appellant, together with Edgar Pippin, James Echols, John Pursell and Joe Slavicek, with conspiracy to violate Act 1907, Deering's General Laws [pimping]. Count 2 charged all defendants with conspiracy to violate section 315 of the Penal Code [keeping a house of ill fame]. Count 3 charged appellant and defendant Pippin with conspiracy to violate section 330a of the Penal Code [possession of slot machines]. Appellant and defendant Slavicek entered pleas of not guilty to each count. Defendant Echols and Pursell entered pleas of guilty to count 2 and not guilty to count 1. At the outset of the trial, upon motion of the district attorney, count 1 was dismissed as to defendants Echols and Pursell and they appeared as witnesses for the prosecution. Defendant Pippin was not apprehended and did not appear. The jury found appellant guilty on all counts and defendant Slavicek not guilty as to count 1. On count 2 the jury failed to reach a verdict as to Slavicek, and as to that count a mistrial was declared.

The appeal is directed solely at certain instructions. The sufficiency of the evidence to support his conviction as charged is not questioned hence we have not detailed the testimony as disclosed by the record.

It is appellant's first contention that People's Instruction No. 10A, when read in conjunction with the third paragraph of defendant's Instruction No. 21 is tantamount to a directed verdict of guilty and therefore is prejudicial. Such contention appears to be well taken.

People's Instruction No. 10A, as it appears in CALJIC, from which it was taken, and as it was submitted herein, reads as follows:

"If the crime of conspiracy, the commission of which is alleged in the indictments, was committed by anyone, then, under the evidence in this case and as a matter of law, the witnesses, John Pursell and James Echols were accomplices."

However, it was modified by the court to read:

"If the crime of conspiracy, the commission of which is alleged in the indictments, was committed by anyone, then, under the evidence in this case and as a matter of law, the witnesses John Pursell and James Echols *and the defendants on trial, as well as the defendant, Pippin* were accomplices." (Italics ours.)

Defendant's Instruction No. 21 was an elaboration of the definition of an accomplice and the necessity and degree of corroboration of the testimony of such a person as provided in section 1111 of the Penal Code. Specifically the third paragraph thereof reads as follows:

"In this case an accomplice is one who is liable to prosecution for the crime of conspiracy, as alleged in the indictment on file in this case. All persons concerned in the commission of an offense and who aid and abet in its commission are accomplices regardless of whether they are arrested or indicted as principals or not."

As previously stated the record herein shows that under count 1 all five defendants were charged with conspiracy to violate Act 1907, Deering's General Laws. To that count all defendants entered pleas of not guilty. However, upon motion of the district attorney said count was dismissed as to defendants Echols and Pursell following their plea of guilty to count 2 which charged all five defendants with conspiracy to violate section 315 of the Penal Code. To this latter count Hartung and Slavicek entered pleas of not guilty. Count 3 charged Hartung and Pippin with violation of section 330a of the Penal Code, and to this count Hartung also pleaded not guilty.

Here it should be noted that Hartung, while testifying in his own behalf, referred to conversations with the district attorney wherein he was told that if he would plead guilty to certain counts, turn state's evidence and thereby assist in the conviction of Pippin, the district attorney would dismiss the remainder of the indictment; that he agreed to plead guilty to the gambling count but that he refused to admit any guilt as to the other counts.

It is difficult to conceive that the jury would not have found the first element of said Instruction No. 10A—the existence of a conspiracy—not only because of appellant's own testimony regarding count 3 but by reason of the admitted guilt of Echols and Pursell as to count 2. The jury were next told that if it so found, then the defendant Hartung, under the evidence, was, as a matter of law, an accomplice, and by Instruction No. 21 that being an accomplice he was a person concerned with and who had aided or abetted the commission of the crime, and therefore whether he was arrested or not he was liable to prosecution for that crime.

In other words the conclusion is inescapable that under the particular situation presented and the evidence adduced at

the trial, the jury, by virtue of said instructions, was for all practical purposes directed to find that defendant Hartung was guilty as charged as a matter of law.

█ Appellant next contends that said Instruction No. 10A, when read in conjunction with defendant Slavicek's Instruction No. 23, again produces a prejudicial result. Instruction No. 23 reads as follows:

"As a matter of law the testimony of an accomplice ought to be viewed by you with distrust."

It is the rule that in a proper case the jury should be instructed that the testimony of an accomplice should be viewed with distrust, and the Code of Civil Procedure, section 2061, subdivision 4, so provides. However, it is error to give such an "instruction when an accomplice is called as a witness on behalf of the defendant . . . as its effect is to discredit one of defendant's witnesses and thereby . . . trench upon his constitutional rights by invading the province of the jury." (8 Cal.Jur. pp. 303-304 and cases there cited.) Surely such an instruction is no less prejudicial when the defendant testifies in his own behalf.

Respondent, however, argues that not alone because of the overwhelming weight of the testimony against appellant, but also because of the charge as a whole and particularly defendant Slavicek's Instruction No. 11, the error, if any, which resulted therefrom, could not have been prejudicial. In any event it was cured by said Instruction No. 11, which reads as follows:

"The defendants are competent witnesses in their own behalf, and you have no right to discredit their testimony from caprice, nor merely because they are defendants. You are to treat them the same as any other witness, and subject them to the same tests, as are legally applied to other witnesses, and while you have the right to take into consideration the interest they may have in the result of this trial, you have also the right, and it is your duty, to consider whether they have been corroborated by other credible evidence."

Obviously the jury could not weigh defendant's testimony by the same tests and standards as would apply to any other witness and at the same time view his testimony or that of his witness with distrust. The result in the minds of the jurors could have been no less confusing than was the situation presented to the jury in *People* v. *Dail*, 22 Cal.2d 642 [140 P.2d 828]. There the jury was first instructed that the testi-

mony of an accomplice should be viewed with distrust and by a succeeding instruction it was told that the credibility of an accomplice was to be judged by the same standard as that applicable to any other witness. In holding such instructions to be erroneous, the court stated, at page 653:

"The giving of a formal instruction which stated the statutory rule did not cure the error, but instead created a serious conflict, which would normally have the effect of misleading the jury. It must be remembered that the strongest witnesses for the prosecution were the accomplices, and without their testimony the conviction could hardly have been possible. This being so, it was of the utmost importance that the jury be correctly advised as to the standards by which such testimony was to be weighed. Instead, the jury was misdirected by a clear and specific statement which in effect nullified the previous formal instruction, and no attempt was made to relate the two or explain the inconsistency. The result must inevitably have been a confusion in the jurors' minds on a matter vital to the judgment. Inconsistent instructions have frequently been held to constitute reversible error where it was impossible to tell which of the conflicting rules was followed by the jury. (See for example: *Wells* v. *Lloyd,* 21 Cal.2d 452, 457 [132 P.2d 471]; *Jolley* v. *Clemens,* 28 Cal.App.2d 55, 73 [82 P.2d 51]; *Soda* v. *Marriott,* 118 Cal. App. 635, 643 [5 P.2d 675]; 8 Cal.Jur. 633.)"

Thus, here, as in the Dail case, the jury was misdirected upon matters of vital importance to the defendant, and for that reason the judgment must be reversed.

Since the judgment must be reversed because of the prejudicial error resulting from the giving of the instructions herein mentioned it becomes unnecessary to discuss the remaining questions raised by appellant.

The judgment and the order appealed from are reversed.

Adams, P. J., and Van Dyke, J., concurred.