417 A.2d 201

**COMMONWEALTH of Pennsylvania**

v.

**Ronald JONES, Appellant.**

Supreme Court of Pennsylvania.

Argued April 25, 1980.

Decided July 3, 1980.

---

600

Mary Alice Duffy, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Asst. Dist. Atty., Kenneth S. Gallant, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The single question presented on this appeal is whether the trial court properly instructed the jury that the exculpatory testimony of a defense witness who admits participation in the crime must be viewed "with disfavor because it comes from a corrupt and polluted source." We have previously held, in *Commonwealth v. Russell*, 477 Pa. 147, 383 A.2d 866 (1978), that the instruction may not be given. We adhere to the rule of *Russell*, reverse appellant Ronald Jones' conviction and remand for a new trial.*

* This case was reassigned to the author on June 2, 1980.

This case stems from the armed robbery of a Philadelphia hardware store. At trial, the Commonwealth called Mr. Kessler, the proprietor of the store and an eyewitness to the crime. He testified that on July 20, 1974, a man later identified as Jerome Gethers entered the hardware store, looked at some mirrors and then departed. Soon after Mr. Kessler closed the store, Gethers reappeared and gained entrance by claiming that he dropped something while inside. When the door was reopened, Gethers and two other men entered the store. One of the men carried a shotgun wrapped in newspaper.

As the men entered the store, a shot was fired. Kessler drew, but dropped a .38 caliber handgun he carried at his waist and ran to the back of the store. Although the men fired several times, no bullet struck Kessler. Kessler left the store through a back exit and telephoned police. During this time, the three men ran out the front door, got in their car, and drove away.

At trial, appellant presented the testimony of Jerome Gethers, a participant in the crime who had already pled guilty to the charges. This witness stated that appellant had not participated in the robbery. Gethers testified that appellant was given a ride by the fleeing robbers just before police stopped their car. When called to testify, appellant corroborated this account of the event.

At the close of trial, the court, over appellant's timely objection, instructed that:

"in deciding whether or not to believe or to accept the testimony of Mr. Gethers you should be guided by the following principles. First of all, the testimony of Mr. Gethers should be looked upon with disfavor because it comes from a corrupt and polluted source. Secondly, you should examine Mr. Gethers' testimony closely and accept it only with caution and with care. Thirdly, you should consider whether or not his testimony is supported in whole or in part by other evidence aside from his own testimony, for if it is supported by independent evidence, certainly it is more dependable."

The jury convicted appellant of robbery, criminal conspiracy, aggravated assault and recklessly endangering another person. Following the denial of post-trial motions, the court imposed concurrent sentences of two to ten years for robbery and one to two years for each of the conspiracy and assault charges. Sentence was suspended on the reckless endangerment charge. Defense counsel failed to file a timely direct appeal. Appellant subsequently sought relief under the Post-Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 et seq. The PCHA court denied appellant an appeal. The Superior Court reversed and, on remand, the PCHA court granted appellant the right to file a direct appeal as though timely filed to the Superior Court. By order entered October 26, 1977, the Superior Court, without opinion, affirmed appellant's conviction. We granted allowance of appeal.

As previously indicated, two years ago this Court decided *Commonwealth v. Russell*, 477 Pa. 147, 383 A.2d 866 (1978). There, we held that the court improperly cautioned the jury to view with disfavor the exculpatory testimony of a defense witness simply because the witness admitted participation in the crimes charged. This Court stated that:

> "[a] legitimate basis exists for charging the jury to view an accomplice's testimony with suspicion when the accomplice testifies for the Commonwealth. Such a witness, out of a reasonable expectation of leniency, has an interest in inculpating others. This basis is inapplicable, however, when the accomplice testifies on behalf of the defense. One implicated in a crime cannot reasonably expect such leniency by exonerating others, particularly where, as here, the witness has already been sentenced for committing the crime. Thus, it is unreasonable to infer, and improper for the court to charge, that because this defense witness stood convicted of the crime in question, his testimony must be viewed 'with disfavor' and accepted only with 'caution and care.'"

Id., 477 Pa. at 153, 383 A.2d at 868–69.

The Commonwealth submits that we should "reconsider the key premise underlying the doctrine of *Commonwealth*

*v. Russell.*" The Commonwealth, however, offers little reason for this Court to overrule that recent decision. In fact, were we to do so, we would contravene the trend of decisions adopting the principle set forth in *Russell.*

The Third Circuit Court of Appeals has recently indicated that as a general rule "an accomplice charge need be given only when the alleged accomplice incriminates the defendant." *United States v. Rosa,* 560 F.2d 149, 156, cert. denied, 434 U.S. 862, 98 S.Ct. 191, 54 L.Ed.2d 135 (1977) (Footnote omitted). An Illinois appellate court has observed that:

> "[i]n jurisdictions which have considered this question it has been deemed erroneous to instruct that the testimony of an accomplice should be discredited when such testimony exonerates a defendant. *Josef v. State,* 34 Tex.Cr.R. 446, 30 S.W. 1067; *Hazzard v. State,* 111 Tex.Cr.R. 539, 15 S.W.2d 638; *Burns v. State,* 123 Tex.Cr.R. 213, 57 S.W.2d 836; *People v. O'Brien,* 96 Cal. 171, 31 P. 45; *People v. Melone,* 71 Cal.App.2d 291, 162 P.2d 505; *People v. Hartung,* 101 Cal.App.2d 292, 225 P.2d 614 and *State of Missouri v. Reeder,* Mo., 395 S.W.2d 209 and *State of N.J. v. Anderson,* 104 N.J.Super. 18, 248 A.2d 438."

*People v. Howard,* 130 Ill.App.2d 496, 498, 263 N.E.2d 633, 634 (1970). There the court concluded:

> "[n]ot only was the giving of the instruction erroneous but also prejudicial. The judicial comment by way of instruction tended to unfairly discredit the principal evidence favoring defendant. The State's insistence on the giving of an instruction indicates the importance and significance of the accomplice testimony."

Id. at 499, 263 N.E.2d at 635.

Since *Howard,* other jurisdictions have adopted this same principle. In *People v. Graham,* the California Supreme Court recently stated:

> "the courts of this state have repeatedly held it to be error to instruct the jury that the testimony of an accomplice should be viewed with distrust where the accomplice testifies for the defendant. (*People v. O'Brien* (1892) 96 Cal. 171, 180–181, 31 P. 45; *People v. Hartung* (1950) 101

Cal.App.2d 292, 295, 225 P.2d 614; *People v. Gonzales* (1970) 4 Cal.App.3d 593, 607, 84 Cal.Rptr. 863.) While these cases all deal with trials in which the accomplice was called as a witness on behalf of the defendant, we believe that it is equally erroneous to give such instructions in a situation where the witness was called by the People but testified in favor of the defendant. We can see no meaningful distinction between the two situations. (See *People v. Wolden* (1967) 255 Cal.App.2d 798, 805, 63 Cal.Rptr. 467.)"

*People v. Graham*, 83 Cal.App.3d 736, 743–44, 149 Cal.Rptr. 6, 10 (1978) (Footnote omitted). See also *Wheelis v. State*, 340 So.2d 950 (Fla.App.1976). Accord, *Keys v. State*, 337 A.2d 18 (Del.1975); *McGowen v. State*, 221 Tenn. 442, 427 S.W.2d 555 (1968); *People v. Sawyer*, 256 Cal.App.2d 66, 63 Cal.Rptr. 749 (1967). Likewise, the New Jersey Supreme Court held that "there exists no reason to specially charge the 'accomplice' rule, as the witness could not hope for any special consideration from the State for having testified for defendant." *State v. Gardner*, 51 N.J. 444, 460, 242 A.2d 1, 10 (1968).

In light of the reasons articulated in these decisions and the trend of modern authority, we decline the Commonwealth's invitation to overrule *Russell*. Because the trial court's instruction in this case is defective in the manner proscribed by the Court in *Russell*, we must vacate appellant's convictions and order a new trial.

Judgments of sentence vacated and a new trial granted.

FLAHERTY, J., files a dissenting opinion in which LARSEN and KAUFFMAN, JJ., join.

FLAHERTY, Justice, dissenting.

I dissent. In *Commonwealth v. Russell*, 477 Pa. 147, 383 A.2d 866 (1978), we held (Mr. Justice Pomeroy dissenting) that it was error for a jury to have been instructed to view the exculpatory testimony of a convicted and sentenced alleged accomplice "with disfavor because it comes from a

corrupt and polluted source," to accept the testimony "only with caution and care," and to consider whether the testimony was "supported by independent evidence." The majority in *Russell* reasoned that while an accomplice testifying for the prosecution may have an interest in inculpating others due to a reasonable expectation of leniency for himself, "[t]his basis is inapplicable, however, when the accomplice testifies on behalf of the defense. One implicated in a crime cannot reasonably expect such leniency by exonerating others, particularly where, as here, the witness has already been sentenced for committing the crime." *Id.*, 477 Pa. at 153, 383 A.2d at 868–869. The *Russell* holding relied upon the very doubtful rationale that, absent a reason to falsify testimony to achieve leniency for oneself, an accomplice testifying for the accused lacks a motive to commit perjury. As Mr. Justice Pomeroy noted in his dissent, however, many other motives could lead one to the same end: ". . . feelings of friendship, loyalty or even fear of future revenge . . . such a person moreover, would have nothing to lose by lying for a colleague, having already been convicted and sentenced himself." *Id.*, 477 Pa. at 156, 383 A.2d at 870.

A trial judge has the discretion to charge a jury fairly according to the particular circumstances of a case to promote the jury's understanding of the issues involved. *Commonwealth v. McComb*, 462 Pa. 504, 341 A.2d 496 (1975). A defendant has the right to have an accomplice testify in his behalf, and it is an accepted practice for courts to give cautionary instructions regarding an accomplice's testimony. The decision to give such a cautionary instruction is merely part of the general conduct of a trial over which a judge's powers are discretionary. See *United States v. Nolte*, 440 F.2d 1124 (5th Cir. 1971). Where the accomplice's testimony is offered for the defense, the possibility of perjury is sufficient to warrant exercise of judicial discretion to advise a jury to accept the testimony only with caution, provided that the jury is clearly informed that with it, alone, rests the ultimate authority to accept all, part, or none of the testimony, despite the cautionary instruction. Certainly, a judge

could not properly charge that such a witness *must* be disbelieved, or that a witness's testimony *must* be corroborated to be believed, or that the testimony *must* be believed true beyond a reasonable doubt before it may be considered, for such would invade the jury's province and defeat the presumption of innocence. *Cool v. United States*, 409 U.S. 100, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972). Having come to regard the rationale in *Russell* as suspect, and viewing that case as too far restricting judicial discretion with respect to the jury charge, the holding in *Russell* should be overruled.

The instruction challenged in the case now before us clearly informed the jury of its ultimate authority to accept all, part, or none of the accomplice's testimony. Following the portions of the charge quoted in the opinion of Mr. Justice Roberts, the judge stated:

> However, you may accept and you may believe all of Mr. Gethers' testimony even though it is not supported by any other evidence. It is solely again within your province and your province alone to determine what weight if any will be given to his testimony.
>
> You may, if you so decide, accept all of it as being true and accurate and credible. On the other hand, you may accept only part of it as being credible and true and accurate, or on the other hand, you may reject all of it as being untrue or inaccurate. That is a matter that is solely within your province and your province alone.

This instruction did not penalize the defense for producing a convicted perpetrator as a witness. Nor did giving the "accomplice charge" amount to convicting the defendant before the jury had a chance to deliberate, since the charge did not suggest that the defendant participated in the crime. The judge merely guided the jury by outlining the factors to be taken into consideration in weighing the witness's testimony, and thereby alerted the jury to potentially unreliable testimony, thus promoting accurate evaluation of the credibility of the witness.

LARSEN and KAUFFMAN JJ., join in this dissenting opinion.