(ORIGINAL)    950·15    ①

COURT OF CRIMINAL APPEALS OF TEXAS

ORIGINAL

ANGEL TORRES
APPELLANT/PETITIONER

V

THE STATE OF TEXAS
APPELLEE/RESPONDENT

BRIEF NO: 02-14-00345-CR

COURT NO. 1301363

RECEIVED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW

TO THE HONORABLE JUDGES OF SAID COURT:

COMES NOW RESPECTFULLY ANGEL TORRES PETITIONER PRO-SE IN THE ABOVE STYLED AND NUMBERED CAUSE. WHOM ARE PROCEEDING IN PRO-SE FILES AND SUBMITS THIS PETITION FOR DISCRETIONARY REVIEW AND IN SUPPORT THE PETITIONER WILL SHOW:

I

THAT APPEALS COUNSEL MAX J. STRIKER SUBMITTED APPELLANT BRIEF ON BEHALF OF THE APPELLANT. AND THE COURT OF APPEALS DID NOT GRANT RELIEF SOUGHT IN THIS LEGAL MATTER.

FILED IN
COURT OF CRIMINAL APPEALS

JUL 27 2015

Abel Acosta, Clerk

II

APPEALS COUNSEL MAX J. STRIKER DID NOT INFORM APPELLANT OF THE DECISION OF THE COURT OF APPEALS UNTIL JULY 13TH 2015 THE DECISION OF THE COURT OF APPEAL WAS DELIVERED JULY 2ND 2015

III

APPEALS COUNSEL MAX J. STRIKER DID NOT INFORM APPELLANT THAT HIS REPRESENTATION WAS LIMITED TO THE COURT OF APPEAL UNTIL JULY 13TH 2015 LEAVING THE APPELLANT WITHOUT LEGAL COUNSEL AND NO CHOICE BUT TO GO PRO-SE UNTIL NEW COUNSEL CAN BE FOUND.

WHEREFORE THE APPELLANT PRAYS THAT THE HONORABLE COURT OF CRIMINAL APPEALS WILL GRANT THIS PETITION FOR DISCRETIONARY REVIEW, AND ALLOW THE APPELLANT TO SEEK THE RELIEF OF THE COURT

RESPECTFULLY SUBMITTED

ON THIS THE 20 DAY OF JULY, 2015

ANGEL TORRES
100 N. LAMAR ST
FT. WORTH
TEXAS 76196

## ORDER

CAME ON THIS THE ____ DAY OF ____ 2015 APPELLANTS PETITION FOR DISCRETIONARY REVIEW, HAVING BEEN PRESENTED TO THE COURT AND THE COURT HAVING CONSIDERED SAID PETITION AND HEREBY GRANTS/DENIED AND ORDERS AS FOLLOWS:

HONORABLE JUDGE PRESIDING

## Verification of Unsworn Declaration

I, **ANGEL TORRES**, Defendant pro se in this cause, state the following under penalty of perjury: I am a prisoner, # **0649860**, currently incarcerated in the Tarrant County Jail in Tarrant County, Texas. I am duly qualified and authorized in all respects to make this declaration. I have read the foregoing Declaration of Conflict and declare that I have personal knowledge of the facts contained therein and said facts are true and correct.

EXECUTED in Tarrant County, Texas, pursuant to Art. 132.001 et. seq., Texas C.P.R.C. and 28 USC §1746, on this **20** day of **JULY**, 20**15**.


**Angel Torres**
[Defendant's Name], Defendant Pro Se
CID # **0649860** DOB **5/7/85**
100 N. Lamar St. - ___
Fort Worth, TX 76102-1954

*Under both federal law (28 USC §1746) and state law (Art. 132.001, Texas C.P.R.C.), inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration sworn before a notary public.

## Certificate of Service

I, **ANGEL**, hereby certify that a true and correct copy of the above motion was served on Attorney for the State Tim Curry by mailing via first-class mail to ~~~~ **SHARON WILSON** ~~~~, DISTRICT ATTORNEY, 401 W. BELKNAP ST., FORT WORTH, TX 76196 on this **20** day of **JULY**, 20**15**.


**ANGEL TORRES**
[Defendant's Name], Defendant Pro Se
CID # **0649860** DOB **5/7/85**
100 N. Lamar St. - ___
Fort Worth, TX 76102-1954



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00345-CR

ANGEL TORRES                                                    APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1301363D

----------

## MEMORANDUM OPINION[1]

----------

Angel Torres appeals his conviction and seven-year sentence for intoxication assault after pleading guilty before a jury pursuant to an open plea. In four issues, he challenges the sufficiency of the evidence to support his guilt and the deadly weapon finding, allegedly improper jury argument by the State,

----

[1]See Tex. R. App. P. 47.4.

and the admission of testimonial evidence at punishment, which he claims was in violation of his Sixth Amendment right of confrontation. We affirm.

## Guilty Plea Sufficient

Appellant's first issue is two-fold. He first complains that the record contains no written waiver of a jury trial under article 1.15 of the code of criminal procedure. Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). He also contends that there is insufficient evidence to show that he caused serious bodily injury to the complainant "by reason of . . . intoxication"[2] because there is no evidence that he entered the four-way stop intersection while it was unsafe to do so and because there is evidence that the complainant had also been drinking that night. However, appellant pled guilty to committing the offense of intoxication assault before a jury in open court. The court of criminal appeals has held that

> [i]n felony cases a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them *touching the penalty to be assessed.*

*Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986) (emphasis added). Thus, article 1.15 does not apply when a defendant pleads guilty before a jury rather than to the trial judge, and the plea to the jury itself establishes the elements of the offense. *See id.* We overrule appellant's first issue.

---

[2]A person commits intoxication assault if the person "by accident or mistake[,] . . . while operating a motor vehicle in a public place while intoxicated, by reason of that intoxication causes serious bodily injury to another." Tex. Penal Code Ann. § 49.07 (West 2011).

## Sufficient Evidence Supports Deadly Weapon Finding

In his second issue, appellant contends that the evidence is insufficient to support the jury's deadly weapon finding because of a lack of evidence that the complainant first checked to see if it was safe to do so before entering the four-way stop controlled intersection. According to appellant, "Considering [the complainant] admitted to drinking and memory loss it was just as likely that it was [the complainant] that drove his vehicle in the manner of a deadly weapon by entering the intersection when it was not safe to do so." Appellant thus contends that any conclusion that he used his car as a deadly weapon would be mere speculation and not a permissible reasonable inference.

Appellant pled not true to the deadly weapon allegation. Thus, the State was required to prove beyond a reasonable doubt that appellant used or exhibited a deadly weapon in commission of the offense. *See Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014). Penal code section 1.07 defines a deadly weapon as "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2014). "Serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Compare id.* § 1.07(a)(46), *with* § 49.07(b) (defining "serious bodily injury" substantially same for purposes of intoxication assault offense).

3

Officer Gordon Jones, who responded to the accident scene, testified that appellant told him that the complainant had run the stop sign. Officer Jones agreed that this statement, however, did not "measure up" to what he heard from other witnesses.[3] Officer Jones also performed an accident reconstruction. From that reconstruction, he believed that appellant ran the stop sign because of where the damage was on the complainant's car; it was in the middle of the passenger side, indicating to Officer Jones that the complainant had already entered the intersection when appellant ran the stop sign. In addition, the complainant's car had spun almost 360 degrees after being hit; this indicated to Officer Jones that appellant's car had been travelling at a high rate of speed and did not stop or slow down before hitting the complainant's car. The officer also saw damage to the windshield of the complainant's vehicle that could have been made when the complainant's head hit the windshield after impact. He saw pooled, dried blood inside the car, which led him to believe that the complainant's injuries were very serious. The complainant had already been transported to the hospital when Officer Jones arrived.

The complainant admitted to having had some alcoholic beverages before driving. He testified on direct that he did not remember the accident. But he also testified on cross-examination that he remembered stopping at the stop sign.

---

[3]When asked on cross-examination whether witnesses at the scene led him to believe that appellant had run the stop sign, Officer Jones answered yes.

We conclude and hold that this evidence, in addition to appellant's guilty plea that established all of the elements of the offense of intoxication assault, is sufficient to support the jury's deadly weapon finding under the applicable standard of review. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Sierra v. State*, 280 S.W.2d 250, 256 (Tex. Crim. App. 2009). The jury was entitled to resolve any conflicts in the testimony and believe the State's version of events rather than appellant's. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014). We overrule appellant's second issue.

## Jury Argument Proper

In his third issue, appellant argues that the following jury argument by the State was incurable: "The citizens of Tarrant County deserve every single day of ten years where they don't have to look over their shoulder and wonder if they're next and wonder if they're the next person laid up in JPS for three months." Appellant objected at trial that the prosecutor improperly "told us what the expectations of the community are." In his brief, appellant analogizes to similar arguments that the court of criminal appeals has found to be improper.[4]

---

[4]Appellant cites the following in his brief: *Prado v. State*, 626 S.W.2d 775, 776 (Tex. Crim. App. [Panel Op.] 1982) ("There are over a million people that stand between him and the penitentiary. They'd want him to go there if they knew what he did."); *Pennington v. State*, 345 S.W.2d 527, 528 (Tex. Crim. App. 1961) (op. on reh'g) ("The people of Nueces County expect you to put this man away."); *Cox v. State*, 247 S.W.2d 262, 263 (Tex. Crim. App. 1952) (op. on reh'g) ("The people of De Soto are asking the jury to convict this defendant."); *Porter v. State*, 226 S.W.2d 435, 436 (Tex. Crim. App. 1950) ("The people of this

5

Proper jury argument must fall within one of four general areas: summation of the evidence, reasonable deduction from the evidence, answer to argument of opposing counsel, or pleas for law enforcement. *Alami v. State*, 333 S.W.3d 881, 891–92 (Tex. App.—Fort Worth 2011, no pet.). It is improper for the State to argue that the community expects a certain verdict or punishment. *Borjan v. State*, 787 S.W.2d 53, 56 (Tex. Crim. App. 1990). But the State may "argue the impact of the jury's verdict on the community." *Id.*

The State contends that the prosecutor's argument in this case amounts to a proper plea for law enforcement. We agree. Rather than implying that the citizens of Tarrant County wanted a particular verdict, this argument instead appeals to the jury to provide proper protection for the county's citizens. *See, e.g., Adams v. State*, 685 S.W.2d 661, 671 (Tex. Crim. App. 1985) ("You ask yourselves, what is the best for Dallas County, and that is all of us, everybody in

---

community expect you to put this man away, and the only way you can do it is to send Willie Porter to the electric chair."); *Peysen v. State*, 124 S.W.2d 137, 138 (Tex. Crim. App. 1939) ("I tell you the people of Matagorda and Jackson Counties are expecting you to do your duty in this case and assess the defendant's punishment at death."); *White v. State*, 117 S.W.2d 450, 451 (Tex. Crim. App. 1938) ("Look at this courtroom; it is crowded with Polk County people demanding the death penalty for Bob White."); *Cleveland v. State*, 94 S.W.2d 746, 747 (Tex. Crim. App. 1936) ("Some of [the people] are in the court room now to see that you do your duty and send him to the penitentiary where he belongs."); *Hazzard v. State*, 15 S.W.2d 638, 639 (Tex. Comm'n App. 1929, opinion approved) ("The eyes of Comanche County are upon you. Look at this crowd in this court room, and a crowd has been here all during this trial. The will and wish of every lawabiding citizen of Comanche County wants a verdict of death."); *Woolly v. State*, 247 S.W. 865, 865 (Tex. Crim. App. 1923) ("[T]he people of Denison desire it.").

here, as opposed to Brenda Adams."); *Strahan v. State*, 358 S.W.2d 626, 627 (Tex. Crim. App. 1962) (characterizing as proper plea for law enforcement jury argument to "have little mercy for the Defendant but save a little mercy for the people that have to travel the highways"). We overrule appellant's third issue.

## Sixth Amendment Complaint Not Preserved

Finally, appellant contends in his fourth issue that the trial court improperly admitted, over his objection, testimony that he had self-identified as a gang member in violation of his Sixth Amendment right of confrontation. *See* U.S. Const. amend. VI. Although acknowledging that evidence of gang membership and indicia of gang membership is relevant to sentencing, appellant complains that the trial court improperly admitted the testimony of Officer Chris Wells of the Fort Worth Police Department's gang intelligence section that there are entries matching appellant's name and birthdate in a gang database maintained by the police department.

When, during its direct examination of Officer Wells, the State asked whether he had found information about appellant in a gang records database, appellant objected, "This would be predicated on hearsay, Your Honor. Accumulation of matters that he did not have personal knowledge of, unless, of course, I could ask him a question on voir dire." After Officer Wells testified on voir dire that he did not know appellant personally, appellant renewed his objection, and the trial court overruled it. Later, when the State asked Officer Wells which gang was associated with appellant's name and birthdate,

appellant's counsel renewed his objection "to relevancy." When the State questioned Officer Wells about the specifics of the database and he answered that the department had "a couple of different systems" but were transitioning to a new one, appellant's counsel objected, "It's based upon hearsay, Your Honor. It's a criminal history database based upon something that the reliability of the information is not shown to be credible. It's kept specifically for law enforcement purposes, Your Honor. It's not a business record. It's hearsay in its rawest form, Your Honor." The trial court sustained the objection, but appellant did not ask for a limiting instruction and the trial court did not give one. Appellant continued to object on hearsay grounds during Officer Wells's testimony. He also renewed his objection to Officer Wells's lack of personal knowledge as to appellant.

Analogizing to case law holding that forensic reports regarding blood alcohol and controlled substance analysis are considered testimonial for Confrontation Clause purposes, appellant's argument on appeal is that Officer Wells's entire testimony was predicated on the gang database records—which are testimonial in nature and inadmissible under the Sixth Amendment unless the declarant is unavailable and had previously been subject to cross-examination; thus, Officer Wells's testimony was likewise inadmissible. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310–11, 129 S. Ct. 2527, 2532 (2009); *see also Bullcoming v. New Mexico*, 131 S. Ct. 2705, 2717 (2011) (relying on *Melendez-Diaz* even though underlying report was unsworn). But appellant's only objections at trial were to hearsay, relevance, Officer Wells's lack of personal

8

knowledge, and the reliability of the gang database records themselves. He did not object on Sixth Amendment, Confrontation Clause, or denial of the right to cross-examination grounds. Accordingly, appellant's objection did not preserve such a complaint for appeal. *See Paredes v. State*, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004); *Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000), *cert. denied*, 531 U.S. 1128 (2001); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (holding that "hyper-technical or formalistic use of words or phrases" is not required to preserve error but that "the objecting party must still 'let the trial judge know what he wants, why he thinks he is entitled to it, . . . clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it'"); *O'Neal v. State*, No. 05-06-01358-CR, 2008 WL 192334, at *2 (Tex. App.—Dallas Jan. 24, 2008, no pet.) (not designated for publication) (involving similar trial court objections to hearsay and personal knowledge); *cf. Reyna v. State*, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005) (applying rationale that evidentiary-only objection does not preserve Confrontation Clause objection to attempt to proffer evidence); *Thompson v. State*, No. 01-10-00637-CR, 2012 WL 2106549, at *4 (Tex. App.—Houston [1st Dist.] June 7, 2012, no pet.) (mem. op., not designated for publication) (holding objection to hearsay and denial of the right to cross-examine sufficient to preserve Confrontation Clause complaint).

We overrule appellant's fourth issue.

## Conclusion

Having overruled appellant's four issues, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

GABRIEL, J., concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 2, 2015



# MAX J. STRIKER
## ATTORNEY AT LAW

(COPY)

3000 East Loop 820
Fort Worth, Texas 76112
PHONE 817-262-0758
FAX 817-851-1404

July 13, 2015

Angel Torres
CID 0649860
350 West Belknap Street,
Fort Worth, TX 76102
VIA U.S.P.S. Certified Mail, return receipt requested

RE:    Appellate Court Decision

Dear Mr. Angel Torres:

A decision in your case has been reached in your appeal case 1301363D.
I am sorry to inform you that the Appeals Court has affirmed the trial court's decision. That means they will not be overturning your convictions. Your conviction stands as it is with no change. I have attached the Appeals Court decision for your review.

Now that the court of appeals has made its decision, you as the losing party have an opportunity to file a petition asking them to reconsider their decision. This petition must be filed within 15 days after the court of appeals' opinion. Since the court of appeals' opinion affirmed your conviction, I do not recommend filing a petition for rehearing and will not be doing so. **However, you may file a petition for rehearing on your own behalf if you desire to do so.** If the court grants a rehearing, it has the power to issue a new opinion reaching a different result.

Since the court of appeals did not grant relief in your case, you may further appeal your case by filing a petition for discretionary review in the Court of Criminal Appeals. **This petition must be filed within 30 days after the court of appeals' opinion or within 30 days after the court of appeals denies a motion for rehearing, if one is filed.**

My representation of you is limited to the appeal to the Court of Appeals and **does not include** a petition for discretionary review. Also note that an indigent defendant has no constitutional right to the appointment of an attorney to pursue discretionary review. However, if the Court of Criminal Appeals grants a petition for

 

review, the trial court must appoint an attorney to represent an indigent in further proceedings in the Court of Criminal Appeals.

I appreciate the opportunity you have given me to represent you. I wish you good luck in your future endeavors.

Sincerely,

Max J. Striker